UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
23-CR-160 (10)( NEB/JFD)

United States of America,               )
                                        )
                    Plaintiff,          )
                                        )         **MOTION TO STRIKE**
v.                                      )         **SURPLUSAGE**
                                        )
Trevaun Robinson, a.k.a.                )
Tricky Tre,                             )
                                        )
                    Defendant.          )

_____

The Defendant, Trevaun Robinson, a.k.a., Tricky Tre, through and by his lawyer, Paul Engh, and in accordance with Rule 7(d), Fed.R.Crim.P., and consistent with this Court's inherent discretion, United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir.), cert. denied, 496 U.S. 942 (1990), moves the Court for an Order striking prejudicial surplusage from the Second Superceding Indictment, Docket Entry 820.   Our grounds are these:

1.   In its present form, the newest Indictment, will soon be old.   A large number of defendants are, and will be, no longer with us at trial.   There will be no need to include them and the overt acts for each.

2.   With respect to Mr. Robinson, there is no claim that he committed a murder or robbery or carjacking for the benefit of the alleged Enterprise.   Id. at p.

1

7 para. 5(a).    These crimes of violence are, needless to say, damaging to his presumption of innocence.    It is often said that an Indictment is an opening statement and a closing argument, both unnecessary.    Descriptions of the murders alleged, e.g. p. 38, COUNT TWO and the endless assaults, overt acts e.g. pp. 9, 22, 31, 46, and 64 are, to put it another way, inflammatory and prejudicial to Mr. Robinson, key factors to be considered for this motion.    Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962); United States v. DeRosier, 501 F.3d 888, 897-98 (8th Cir. 2007).

3.    An Indictment is sufficient if it states an offense and elements thereof, Rule 7(c)(1), Fed.R.Crim.P.; United States v. Redzic, 627 F.3d 683, 689 (8th Cir. 2010), thus providing notice to Mr. Robinson.    Hamling v. United States, 418 U.S. 87, 117-118 (1974); United States v. Beasley, 688 F.3d 523, 533 (8th Cir. 2012).    We have notice without the violent overt acts which do not pertain to him.

4.    We also move to strike Mr. Robinson's purported alias, "Tricky Tre." Mr. Robinson is Mr. Robinson.    There will be no issue as to his identity at the forthcoming trial.

5.    We view "Tricky Tre" as a pejorative phrase, harkening back to President Richard M. Nixon, who was called "Tricky Dick" by those who did not like him.    "Tricky" in President Nixon's day referred to his purported character trait of dishonesty.    And dishonesty is not an element of the offenses charged.

2

6.   A narrowing of an indictment's scope, so as to bar its prejudicial impact, is a permitted use of Rule 7(d).   <u>United States v. Zabawa</u>, 39 F.3d 279, 284 (10th Cir. 1994) (holding that the district court properly narrowed the scope of the government's indictment by striking surplusage).

This motion is based upon the files, records and proceedings herein, such testimony as may be presented at the motion hearing, and any briefing which the Court may require thereafter.

Dated: April 25, 2024                              Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ Paul En*gh
PAUL ENGH
Attorney No. 134685
150 South Fifth Street, Suite 2860
Minneapolis, MN 55402
Tel: (612) 252-1100
engh4@aol.com

Attorney for Mr. Robinson

</div>